IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSE MOLI, *Plaintiff* | § | |
| | § | |
| V. | § | |
| | § | CIVIL ACTION NO. A-05-CA-441-SS |
| UNIVERSITY OF TEXAS SYSTEM, | § | |
| *ET AL., Defendants* | § | |

## DEFENDANTS' MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants[1] submit their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and W.D.Tex. L.R. CV-12.

**Background**

1. Plaintiff asserts he brings claims under 42 U.S.C. § 1983 and "various state causes of action" against Defendants. Complaint ¶ 8. In three sentences in the 62-paragraph pleading, Plaintiff alleges only state common law tort claims: a "civil conspiracy to deprive [Plaintiff] of his medical education" (Complaint ¶ 13), "fraud" and "intentional infliction of emotional distress," to wit, Defendant Ericsson "intentionally falsified testimony" (which Plaintiff alleges would have altered the result of a 1991 trial), and "Defendants" retaliated against him and caused Plaintiff emotional distress. Complaint ¶¶ 58-60.[2] Plaintiff fails to state a federal claim upon which relief can be granted, and the Court lacks supplemental jurisdiction over Plaintiff's state law claims.

---

[1] Defendant University of Texas System (System), University of Texas Health Science Center Medical School (Medical School) (collectively the Entity Defendants), Dr. Stanley G. Schultz (Schultz), Dr. John C. Riddle (Riddle), Dr. Charles D. Ericsson (Ericsson), and Anne L. Brunson (Brunson) (collectively the Individual Defendants).

[2] Moli was dismissed from the Defendant Medical School in late **1986**. Moli filed suit in November **1988** alleging discrimination. Complaint ¶¶ 42-43. Said suit was tried to the bench, Hon. Scott Brister presiding, and judgment for Defendant entered in late **1991** (Cause No. 88-59563, *Moli v. University of Texas Health Science Center*; In the District Court of Harris County, Texas). Complaint ¶¶ 44, 46. Judge Brister signed and entered Findings of Fact and Conclusions of Law January 18, 1992. Complaint ¶ 11. Plaintiff alleges he "discovered" evidence of "deception" in **2003**. Complaint ¶¶ 14.

## Standard of Review

2. Under Fed. R. Civ. P. 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim that would entitle him to relief. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir.2002). "The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief," that is, when "the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999). "When considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff." *August Trading, Inc. v. U.S. Agency for Intern. Development*, 167 F. Supp.2d 964, 966 (S.D. Tex. 2001). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* It is neither necessary or proper for a court to assume that the plaintiff can prove facts that he has not alleged. *See, e.g., Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986).

## Argument and Authorities

### A. Plaintiff Does Not State a Claim Under § 1983

#### 1. Plaintiff Fails to Plead a Deprivation of Rights Under Color of Law

Plaintiff fails to state a claim under 42 U.S.C. § 1983. It is well established that section 1983 "confers no substantive rights but only provides a cause of action to obtain "redress" for the violation of federal rights. "One must look somewhere besides 42 U.S.C. § 1983 in order to determine whether a right protected by federal law has been violated." *Citizen Action Fund v. City of Morgan City*, 154 F.3d 211, 215 (5th Cir. 1998). In other words, § 1983 is not itself a source of substantive rights; it merely provides a method for vindicating federal rights conferred elsewhere.

*Olabisiomotosho v. City of Houston, et al.*, 185 F.3d 521, 525 (5th Cir. 1999). Other than invoking the statute in his statement regarding jurisdiction (Complaint ¶ 8 [3]), Plaintiff – in 50 paragraphs of both "special" and presumably just plain facts – fails to identify, articulate, suggest, or imply any violation of either the U.S. Constitution or any federal statute.

"To state a claim under § 1983, plaintiffs must allege two elements: first, that they were deprived of a right or interest secured by the Constitution and laws of the United States, and second that the deprivation occurred under color of state law." *Doe v. Rains County Ind. School Dist.*, 66 F.3d 1402, 1406 (5th Cir.1995). Plaintiff's Complaint does neither. Rather, through the inappropriate vehicle of civil rights and common law tort litigation, Plaintiff seeks to have this Court overturn a 14-year old state district court judgment, order academic and other governmental records be altered, order Plaintiff reinstated to medical school, and of course, award Plaintiff money.

Plaintiff seeks relief from Defendants[4] through a general rubric of "fraud" – articulated as alleged "false testimony" by a Medical School professor "to induce the University of Texas [sic] to fail Moli, and induce State District Judge Brister to rule in favor of the . . . Medical School." Complaint ¶ 58.[5] Plaintiff claims all the defendants "were aware of [the] deception," and "acted in civil conspiracy to deprive Moli of his medical education." Complaint ¶ 13. Finally, Plaintiff claims the Defendants "retaliated against [him] because he filed complaints against and/or challenged the [Medical School] for allowing this falsification . . . and the wrongful dismissal of

---

[3] "The action arises under the United States Constitution and is brought pursuant to Title 42 U.S.C.A. Section 1983, and various state causes of action."

[4] Plaintiff fails to specify whether he sues the individual defendants in their official and/or individual capacities. In an abundance of caution, Defendants will assume for the purposes of this motion Plaintiff brings his claims against the Individual Defendants in both capacities.

[5] The word "fraud" appears only in the heading title preceding three one-sentence paragraphs, the first of which is quoted above.

Moli . . .," which Plaintiff claims caused him severe emotional distress. Complaint ¶¶ 59-60. By even the most lenient and generous of constructions, all of Plaintiff's articulated claims are but state common law claims sounding in tort.

### 2. Defendants are Entitled to "Eleventh Amendment Immunity"

Even assuming for the sake of this motion Plaintiff has stated a claim under § 1983, that claim is fatally flawed. Plaintiff characterizes each of the Entity Defendants as "a Texas state agency." Complaint ¶¶ 2-3. Consequently, Plaintiff's claims must overcome the State's jurisdictional immunity in federal court (usually denominated as "Eleventh Amendment immunity"[6]). *Quern v. Jordan*, 440 U.S. 332, 341, 99 S.Ct. 1139, 1145 (1979). It is well settled that, absent a valid express waiver or abrogation, "eleventh amendment immunity" bars claims under § 1983 *for any relief*, prospective or retrospective, injunctive or monetary, against a state, a state agency, or a department of the state by citizens of the state. *See, e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 n.8, 100, 104 S.Ct. 900, 907 n.8, 908 (1984); *Alabama v. Pugh*, 438 U.S. 781, 781-782, 98 S.Ct. 3057, 3057-3058 (1978).[7] Federal courts have consistently afforded eleventh amendment protection to Texas state universities. *See, e.g., Texas ex rel. Bd. of Regents of Univ. of Tex. System v. Walker*, 142 F.3d 813, 820 n.10 (5th Cir. 1998) (UT Health Science Center and Board of Regents may claim Eleventh Amendment immunity) (citing *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429-431, 117 S.Ct. 900, 903-904 (1997), and *United Carolina*

---

[6] What is commonly called "Eleventh Amendment immunity" does not really come from the Eleventh Amendment. *Alden v. Maine*, 527 U.S. 706, ___, 119 S.Ct. 2240, 2246 (1999).

[7] The state's immunity also shields state agencies and officials from claims for retrospective declaratory relief. *Green v. Mansour*, 474 U.S. 64, 67-73, 106 S.Ct. 423, 425-428 (1985). "The doctrine of *Ex parte Young*," whereby a defendant in his/her official capacity may be sued under §1983 for prospective injunctive relief, "carv[es] out a necessary exception to Eleventh Amendment immunity," but "the exception is narrow." *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy*, 506 U.S. 139, 146, 113 S.Ct. 684, 688 (1993). The exception "does not permit judgments against state officers declaring that they violated federal law in the past . . ." *Id.*, citing *Green v. Mansour, supra*. As noted above, Plaintiff makes no such allegation regarding any federal law or Constitutional provision.

*Bank v. Board of Regents of Stephen F. Austin State Univ.*, 665 F.2d 553, 556-561 (5th Cir. Unit A 1981)), *cert. denied,* 525 U.S. 1102, 119 S.Ct. 865 (1999).

Plaintiff does not plead or otherwise suggest the existence of any abrogation or explicit waiver of the "eleventh amendment immunity" protections afforded the System and the Medical School (and the Individual Defendants in their official capacity[8]), and thus Plaintiff's global claim against those Defendants under § 1983 is barred by that immunity.[9]

### 3. Entity Defendants Are Not "Persons"

Additionally, quite apart from eleventh amendment considerations, a state entity (and similarly, a state official in his official capacity) is not a suable "person" within the meaning of § 1983. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69, 117 S.Ct. 1055, 1069 (1997), citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989); *Cronen v. Texas Dept. of Human Servs.*, 977 F.2d 934, 936 (5th Cir. 1992). As a result, Plaintiff cannot as a matter of law state a viable claim for relief under § 1983 against the System, the Medical School, or any of the Individual State Defendants in their official capacities – regardless of what facts he alleges.

Accordingly, Plaintiff's § 1983 claims against the System, the Medical School, and the Individual Defendants in their official capacities must be dismissed. Because a § 1983 claim cannot be brought against these Defendants in *any* forum (*see Will*, 491 U.S. at 71, 109 S.Ct. at

---

[8] As officials of the System and/or the Medical School, each Individual Defendant in his official capacity has available to him the same immunities the System and Medical School as an entities possess. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 362 (1991), citing *Kentucky v. Graham*, 473 U.S. 159, 167, 105 S.Ct. 3099, 3206 (1985) ("The ... immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity, may possess, such as the Eleventh Amendment").

[9] Plaintiff's claims against the two Entity Defendants are sanctionably frivolous. *See George v. State*, 788 F.2d 1099, 1100 (5th Cir. 1986) (upholding Rule 11 sanctions for § 1983 claim barred by Eleventh Amendment immunity).

2312),[10] dismissal of these claims with prejudice is appropriate. *See Idoux v. Lamar Univ. Sys.*, 817 F.Supp. 637, 642 (E.D. Tex. 1993).

Finally, Plaintiff's Complaint requests the Court exercise "supplemental jurisdiction" over Plaintiff's common law tort claims. Defendants are immune from suit on those claims.

**B.  Defendants are Entitled to Sovereign Immunity From Plaintiff's Tort Claims**

**1.  Sovereign Immunity is a Bar to Suit**

In Texas, a government agency is immune from tort liability unless the Legislature has waived immunity. *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex. 1998). Plaintiff himself characterizes each of the Entity Defendants as "a Texas state agency." Complaint ¶¶ 2-3; *see also* Tex. Civ. Prac. & Rem. Code § 101.001. This immunity has only been waived as to claims brought pursuant to the Texas Tort Claims Act ("the "Act"), Tex. Civ. Prac. & Rem. Code §§ 101.001, *et seq.*; *see Lowe v. Texas Tech. Univ.*, 540 S.W.2d 297, 298-99 (Tex. 1976).[11] Thus, Plaintiff's common-law causes of action against the System and the Medical School (and against the Individual Defendants in their official capacity[12]) are not legally cognizable unless they are clearly within a specific area of liability and do not fall under one of the exceptions established in the Act. *See Diaz v. Central Plains Regional Hosp.*, 802 F.2d 141, 142-43 (5th Cir. 1986); *see also Sherwinski v. Peterson*, 98 F.3d 849, 851-52 (5th Cir. 1996) (Texas Tort Claims Act

---

[10]  In *Will*, the plaintiff sued a state agency in state court under § 1983. The Supreme Court held that although Eleventh Amendment immunity does not apply in state court, the claim was still barred because the state is not a "person" that can be sued under § 1983.

[11]  It is a common misconception that the Texas Tort Claims Act creates liability. To the contrary, the Act merely waives the general presumption of immunity to which a governmental unit is entitled. In other words, immunity is the rule; waiver of immunity, which must be proven by a claimant, is the exception. *Lowe*, 540 S.W.2d at 297.

[12]  It is nearly axiomatic that a suit against a governmental official in his official capacity is nothing more than a suit against the governmental entity. *See, e.g., Lowe*, 540 S.W.2d at 298.

waives sovereign immunity in state court only; statute does not contain explicit waiver relating to federal courts).[13]

Once the plaintiff invokes "the procedural devices of the [Act] to bring a cause of action against a governmental entity, he also is bound by the limitations and remedies provided in the statute." *See State Dept. of Highways and Pub. Transp. v. Dopyera*, 834 S.W.2d 50, 54 (Tex. 1992). Courts interpret the Texas Tort Claims Act narrowly. *Amador v. San Antonio Hosp.*, 993 S.W.2d 253, 257 (Tex. App.–San Antonio 1999, pet. denied). If it is questionable whether sovereign immunity has been waived, it has not. *Schaefer v. City of San Antonio*, 838 S.W.2d 688, 693 (Tex. App.–San Antonio 1992, no writ). Plaintiff has not pleaded any waiver of Defendants' immunity from suit on Plaintiff's state law claims. The Entity Defendants and the Individual Defendants in their official capacity are therefore entitled to dismissal of Plaintiff's state common law tort claims, regardless of the validity of their factual allegations.

The specific area affording relief and for which a limited waiver of immunity is provided under the Act is for:

1. Property damage, personal injury and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if;

    (a) the property damage, personal injury, or death arises from the operation or use of a motor driven vehicle or motor driven equipment; and

    (b) the employee would be personally liable to the claimant according to Texas law.

2. personal injury and death so caused by a condition or use of tangible personal or real property if the government unit would, were it a private person, be liable to the claimant according to Texas law.

---

[13] Additionally, § 101.102(a) of the Act requires suits under the Act "shall be brought *in state court* in the county in which the cause of action or a part of the cause of action arises" (emphasis added). This adversarial proceeding was initiated in federal court and in Harris County.

Tex. Civ. Prac. & Rem. Code § 101.021. In other words, only "[u]se of publicly owned vehicles, premises defects, and injuries arising from conditions or use of property" waives immunity under section 101.021. *Salcedo v. El Paso Hosp. Dist.*, 659 S.W.2d 30 (Tex. 1983). None of Plaintiff's claims are for property damage, injury, or death proximately caused by the use of a motor-driven vehicle or for personal injury or death caused by a condition or use of tangible or real property. On this basis alone, Plaintiff's claims against the Entity Defendants and the Individual Defendants in their official capacity are subject to dismissal.

2. **Defendants are Immune from Plaintiff's Intentional Tort Claims Pursuant to Section 101.057 of the Act**

As noted above, Plaintiff's tort claims are governed by the provisions of the Texas Tort Claims Act. Intentional tort claims are specifically excluded from any limited waiver of governmental immunity provided by the Act. *See* Tex. Civ. Prac. & Rem. Code § 101.057(2). Intentional infliction of emotional distress is expressly excepted from any waiver of governmental immunity provided by the Act. *Little v. Schafer*, 319 F.Supp. 190, 191 (S.D. Tex. 1970). In Texas, fraud and conspiracy are intentional torts. *See e.g., Porter v. Charter Medical Corp.*, 957 F.Supp. 1427, 1431 (N.D. Tex. 1997); *Dresser Industries, Inc. v. Underwriters At Lloyd's, London*, 106 S.W.3d 767 (Tex. App.–Texarkana 2003, pet. denied) (fraud); *Collins v. Ison-Newsome*, 73 S.W.3d 178 (Tex. 2001) (civil conspiracy, and intentional infliction of emotional distress).

Texas courts have consistently held that a governmental entity is not liable under the Act for intentional torts.[14] *See Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992) (intentional tort claims absolutely barred by governmental immunity). The Entity Defendants and the Individual Defendants in their official capacity are therefore entitled to dismissal of

---

[14] This is true even if Plaintiff's intentional tort claims were derived from the operation or use of a motor vehicle and/or the condition or use of personal or real property. *See Downey v. Denton County*, 119 F.3d 381, 387 (5th Cir. 1997).

Plaintiff's claims of conspiracy, fraud, and intentional infliction of emotional distress, and thus, of Plaintiff's suit.

### 3. The Individual Defendants Are Immune from Suit Pursuant to Section 101.106

Texas law expressly provides "[i]f a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e) (as amended, effective September 1, 2003). Plaintiff, by alleging common law tort claims, has invoked the Texas Tort Claims Act – the "chapter" referred to in the statute noted above.

"It is irrelevant for § 101.106 purposes that the claims against the employee[] may have been based upon a different, or an alternative, cause of action. The relevant inquiry for purposes of § 101.106 is whether or not both actions involve the same subject matter." *Bell v. Love*, 923 S.W.2d 229, 233 (Tex. App.–Houston [14th Dist.] 1996, no writ). Plaintiff's Complaint offers the same factual support for its allegations of conspiracy, fraud, and intentional infliction of emotional distress. Plaintiff's allegations against both the Entity Defendants and the Individual Defendants (in any capacity) are "regarding the same subject matter." Consequently, Plaintiff cannot recover and is "not entitled to relief" on his claims against the Individual Defendants in their individual capacity (or for that matter, in any capacity). *See Hutchison v. Brookshire Bros., Inc., et al.*, 225 F.Supp.2d 719, 721 (E.D. Tex. 2002).[15] Plaintiff's claims against them must be dismissed.

---

[15] Additionally, since the Individual Defendants are immune, there can be no waiver of the Entity Defendants' immunity pursuant to § 101.021 because the employees could not be "personally liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code § 101.021; *see also City of Houston v. Kilburn*, 849 S.W.2d 810, 812 (Tex 1993); *DeWitt v. Harris County*, 904 S.W.2d 650, 654 (Tex. 1995) (no waiver of governmental immunity under theory of *respondeat superior* if official immune).

**Conclusion**

Plaintiff fails to state a claim under 42 U.S.C. § 1983. Plaintiff's claims against the Entity Defendants and the Individual Defendants in their official capacity are subject to dismissal because those defendants are entitled to "eleventh amendment immunity" and Plaintiff has not pleaded any waiver or abrogation of that immunity. Eleventh amendment considerations notwithstanding, these defendants are not "persons" subject to suit under § 1983. Plaintiff's claims are but state common law claims sounding in tort, and thus are subject to the provisions of the Texas Tort Claims Act (the Act), which includes only a limited waiver of the State's immunity from suit. Plaintiff fails to state a claim falling within that limited waiver. In any case, however, Plaintiff's claims are all intentional torts, which are expressly excepted from the limited waiver of governmental immunity provided by the Act. Moreover, the Act expressly requires Plaintiff to elect defendants in an action to impose liability for tortuous conduct, and as Plaintiff has named both the Entity Defendants and Individual Defendants, his claims against the latter are subject to dismissal. Finally, to the extent Plaintiff's Complaint is somehow construed to articulate a claim under § 1983, the Individual Defendants are entitled to qualified immunity, as Plaintiff fails to identify a violation of any clearly established constitutional right. All of Plaintiff's claims must be dismissed.

**Prayer**

**ACCORDINGLY**, Defendants respectfully pray the Court dismiss Plaintiff's claims in their entirety, dismiss Plaintiff's complaint, and afford such other relief, including costs, to which Defendants may be entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

BARRY R. McBEE
First Assistant Attorney General

EDWARD D. BURBACH
Deputy Attorney General for Litigation

JEFF L. ROSE
Chief, General Litigation Division

_____
DAVID E. JENKINS, Attorney in Charge
State Bar No. 10618100
Assistant Attorney General
General Litigation Division
Post Office Box 12548, Capitol Station
Austin, Texas 78711-2548
512-463-2120 (Telephone)
512-320-0667 (Facsimile)

**Attorneys for Defendants**

## Certificate of Service

I certify a true and correct copy of the foregoing document has been sent via certified mail, return receipt requested, and via regular first class U.S. mail on August 9, 2005 to:

Larry Watts
WATTS & ASSOCIATES, P.C.
Post Office Box 2214
Missouri City, Texas 77459

_____
David E. Jenkins
Assistant Attorney General